IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHRISTOPHER BAILEY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| vs. ) | FILE NO. |
| ) | |
| **INNOVATIVE CONTRACTING** ) | |
| **SOLUTIONS, INC.; and** ) | |
| **MATTHEW HUBBARD;** ) | |
| ) | |
| **Defendants.** ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Christopher Bailey, brings this Fair Labor Standards Act ("FLSA") case against his former employers, Innovative Contracting Solutions, Inc. ("Innovative") and Matthew Hubbard for unpaid overtime wages. In support thereof, Plaintiff respectfully requests the Court consider the following:

### I. Introduction

1.

Innovative provides general construction and contracting services to commercial landlords and tenants throughout the southeast.

2.

In or around July 2011, Innovative hired Plaintiff.

3.

Plaintiff's primary job duty was to provide construction-related services for Innovative clients in Georgia and Alabama.

4.

From July 2011 until July 2012, Plaintiff worked in excess of fifty five hours each week.

5.

Plaintiff was never compensated at all for his overtime work.

6.

Defendants' refusal to pay overtime to Plaintiff, a non-exempt employee, is a willful violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA").

7.

Plaintiff seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, attorneys' fees, and punitive damages.

## II. Parties, Jurisdiction, and Venue

8.

Plaintiff, Christopher Bailey, is a resident and citizen of the State of Georgia

and may be served through the undersigned counsel.

9.

Defendant, Innovative Contracting Solutions, Inc., is an Alabama corporation authorized to do business in the State of Georgia. At all times relevant to this lawsuit, Innovative was Plaintiff's employer for purposes of the FLSA. Innovative may be served with process through its registered agent, Matthew Brady Hubbard, at 2110 Powers Ferry Road SE, Suite 290, Atlanta, Georgia 30339

10.

Defendant, Matthew Hubbard, is a citizen and resident of Fulton County, Georgia. At all times relevant to this lawsuit, Mr. Hubbard was Plaintiff's employer for purposes of the FLSA.

11.

At all times relevant to this lawsuit, Innovative was (and remains) an enterprise engaged in commerce and therefore subject to the FLSA.

12.

This case arises under the FLSA and presents a federal question. Thus, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

13.

This Court has personal jurisdiction over Defendant Matthew Hubbard because he is a Georgia resident and citizen.

14.

This Court has personal jurisdiction over Defendant Innovative Contracting Solutions, Inc. because it is authorized to do business in Georgia.

15.

Venue is proper in the Northern District of Georgia because both Defendants are "residents," as defined in 28 U.S.C. § 1391(c), of Fulton County, Georgia, which is in this Court's Atlanta Division.  28 U.S.C. § 1391(b)(1).

16.

Venue is also proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the cause of action occurred within this judicial district.  28 U.S.C. § 1391(b)(2).

**Plaintiff's Employment and Defendants' Willful Refusal to Pay Overtime**

17.

Innovative is in the construction and contracting business and licensed to

perform work in ten states throughout the southeast.

18.

For all periods relevant to this lawsuit, Innovative had sales in excess of five hundred thousand dollars per year.

19.

Defendant, Matthew Hubbard, is Innovative's president and founder.

20.

Mr. Hubbard controls all aspects of Innovative's financial and employment-related decisions.

21.

Mr. Hubbard is responsible for hiring and firing all Innovative employees, including Plaintiff.

22.

In or around July 2011, Defendants hired Plaintiff.

23.

Plaintiff's primary job duties were to provide general construction and contracting services on Innovative's projects in Georgia and Alabama.

24.

Plaintiff was a non-exempt employee under the FLSA.

25.

Plaintiff had no employees report to him and had no subordinates under his control.

26.

Plaintiff had no authority to hire, fire, or recommend the hiring or firing of any employees.

27.

Plaintiff performed the duties that Defendants assigned to him on a weekly basis.

28.

Plaintiff regularly worked in excess of fifty five hours per week while employed with Defendants.

29.

Plaintiff repeatedly informed Defendants that he was working overtime, but

Defendants refused to compensate Plaintiff at all for his overtime work.

30.

Defendants did not keep or maintain any records of the number of hours that its employees worked.

31.

During his approximately one year of employment with Defendants, Plaintiff worked in excess of 750 of overtime hours for which he was never compensated.

32.

Defendants willfully violated the FLSA by repeatedly refusing to compensate Plaintiff for his overtime work.

## **Count One: Failure to Pay Overtime in Violation of FLSA**

33.

Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of this Complaint as if set forth fully herein.

34.

Defendants failed to compensate Plaintiff for overtime hours worked during

the relevant period in violation of 29 U.S.C. § 207.

35.

Defendants also failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

36.

Defendants acted willfully in failing to pay the overtime compensation required by the FLSA to Plaintiff.

37.

Plaintiff is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests the Court enter the following relief:

A.   Grant Plaintiff a jury trial on all claims contained herein;

B.   An award of damages in amount to be proven at trial for Defendants' willful violation of the FLSA in refusing to compensate Plaintiff for overtime;

C.   An award of liquidated damage for Defendants' willful violations of the

FLSA;

D.   An award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E.   All other and further relief as the Court finds just and proper.

Respectfully submitted this 12th day of December, 2013.

s/Logan B. Winkles
Logan B. Winkles
Georgia Bar Number: 136906
William E. Cannon, III
Georgia Bar Number: 305130
CANNON, MIHILL & WINKLES, LLC
101 Marietta Street
Suite 3120
Atlanta, Georgia 30309
(T) 404-891-6700
(F) 678-965-1751
